FILED'10 NOV 4 15:58USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JASON FUENTES,

            Petitioner,        Civil No. 10-150-CL

        v.                  REPORT AND
                                RECOMMENDATION

MARK NOOTH,

            Respondent.

CLARKE, Magistrate Judge.

     Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment dated October 23, 2003, after convictions for one count each of Robbery in the First Degree, Burglary in the First Degree, Unlawful Entry of a Motor Vehicle, Attempted Unauthorized use of a Motor Vehicle, Unauthorized Use of a Motor Vehicle, Felony Fleeing/Attempting to Elude Police, Misdemeanor Fleeing/Attempting to Elude Police and Attempted Assault in the Second Degree.  Exhibit 101.  After a jury convicted petitioner of these crimes, the

1 - REPORT AND RECOMMENDATION

court imposed sentences totaling 185 months imprisonment.  Id.

Petitioner directly appealed his convictions, but the Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  Exhibits 105 - 109.

Petitioner filed an Amended Petition for Post-Conviction Relief, but the Marion County Circuit Court denied relief. Exhibit 132.  Petitioner appealed but later moved to dismiss the appeal, and the Oregon Court of Appeals granted petitioner's motion.  Exhibits 133 - 135.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. sec. 2254 alleging six grounds for relief. Petition (#2) p. 6-8 and 12-13.

Respondent moves to deny petitioner's petition on the grounds that petitioner's claims were not presented to the state's highest court and are now procedurally defaulted. Respondent further contends that to the extent Ground One was presented to the state courts it was denied in decisions that are entitled to deference by this court  and correct on the merits.  Reply to Memorandum in Support (#14) p. 2.

Grounds Two - Six:  Under   28   U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"  Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992).  If a

petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally

defaulted. <u>Boerckel</u>, 526 U.S. at 848, citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000), <u>Coleman</u>, 501 U.S. at 750; <u>see also</u>, Wainwright <u>v. Sykes</u>, 433 U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 748 (1986); <u>Hughes v. Idaho Bd. of Corr.</u>, 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray</u>, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. <u>Id</u>.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S.538, 559 (1998).

Petitioner alleges as Ground Two through Four that his

trial counsel was ineffective in various respects. Petitioner alleges in Grounds Five and Six that his appellate counsel was ineffective.

Petitioner alleged his claims in Grounds 2, 3, 4 and 6 in his post-conviction trial, Exhibit 110, Amended Petition for Post-Conviction Relief, but the court denied relief. Exhibits 130-132. Petitioner appealed, Exhibit 133, but subsequently moved to dismiss the appeal and the motion was granted. Exhibits 132 and 133.

Petitioner did not raise the claim alleged in Ground 5 in any state court proceeding.

Petitioner did not present his claims in Grounds 2-6 to the state's highest court and has not established cause and prejudice for his procedural default or that he is entitled to the "fundamental miscarriage of justice" exception to the exhaustion requirement. Therefore, Petitioner's Grounds Two through Six should be denied.

<u>Ground One:</u>    Petitioner alleges as Ground One that the trial court violated his 5th, 6th and 14th Amendment rights to Due Process by failing to ask two jurors, whether they had been "overly prejudiced" by seeing petitioner in shackles. Petition (#2) p. 6.

The relevant facts concerning this claim are as follows: During petitioner's trial, the court recessed  and requested that the jurors return at 8:15 the following morning. Exhibit 103, Transcript of Proceedings, p. 145.  Two jurors arrived

earlier than instructed, however, and were waiting outside the jury room when petitioner was escorted by them by two armed deputies. Petitioner was in handcuffs behind his back and shackles. Petitioner's attorney was seated nearby and observed one of the jurors "watching this go on." Id. p. 152.

Petitioner's attorney reported this incident to the court and moved for a mistrial on the ground that petitioner could not have a "fair determination of the facts by the jury" under the circumstances. The court found no prejudice and denied the motion for mistrial. Id., p. 153-155.

On appeal, petitioner alleged as his First Assignment of Error that "[t]he trial court erred by denying defendant's motion for a mistrial." Exhibit 105, Appellant's Brief, p. 8. As noted above, the Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

As discussed, 28 U.S.C. sec. 2254(b)(1) requires habeas petitioners to exhaust state remedies on all claims alleged in their 2254 petitions. Generally, this requirement is satisfied if petitioner's "fairly present" their federal claims to the appropriate state courts, thereby affording the state courts meaningful opportunity to consider the allegations of legal error. Picard v. Conner, 404 U.S. 270, 275-76 (1971). In Gray v Nethreland, 518 U.S. 152 (1996), the Court held that to fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a

statement of facts that entitle the petitioner to relief." <u>Id</u>.
at 162-63; <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1156 (9th Cir.
2003).

A claim is not "fairly presented" if the court must read
beyond a petition or brief (or similar document) that does not
alert it to the presence of a federal claim.  <u>Baldwin v Reese</u>,
541 U.S. 27, 32 (2004); *See also*, <u>Castillo v. McFadden</u>, 399
F.3d 993, 1000 (9th Cir. 2005) (to exhaust a claim the
petitioner must have presented his federal, constitutional
issue to the state appellate courts within the four corners of
his appellate briefing).

The Oregon Rules of Appellate Procedure provide that
"[n]o matter claimed as an error will be considered on appeal
unless the claim of error was preserved in the lower court and
is assigned as error in the opening brief in accordance with
this rule."  ORAP 5.45(1).

Petitioner's trial counsel did not base his motion for
mistrial on federal law. *See*, Exhibit 103, Transcript of
Proceeding, p. 153. Therefore the alleged error was not
properly preserved for appeal.

Moreover, petitioner's Appellate brief alleged error
based on the denial of the motion for mistrial, but the claim
was alleged in terms of prejudice to the defendant.  No
federal constitutional grounds were alleged.  Exhibit 105,
Appellant's Brief.  Petitioner's Petition for Review to the
Oregon Supreme Court argued that "*Oregon Courts* have long held

that it is manifest that the shackling of a criminal defendant will prejudice him in the minds of the jurors... ." Exhibit 107) Petition for Review, p. 6. No federal authority was cited in any of petitioner's state appellate court briefing.

Petitioner apparently concedes that Ground 1 was never presented as a federal violation in any prior state court proceeding. "None of my attorneys correctly preserved [Ground One] in any appeal or brief. All ground (sic) have been preserved in previous appeals but not all federal violations have been articulated until now." *See*, Petition (#2) p. 9.

Based on the state court record and petitioner's concession cited above, I find that the claim alleged in Ground One was never presented to the state courts as a federal constitutional claim and is now procedurally defaulted. Petitioner has not alleged any cause and prejudice for his procedural default or established entitlement to the "fundamental miscarriage of justice" exception to the exhaustion requirement.

Even if Ground One was properly before the court, I find that it fails on the merits because an accidental glimpse of a defendant in restraints is insufficient to warrant habeas relief. "It is well established that a jury's brief or inadvertent glimpse of a defendant in physical restraints outside of the courtroom during trial does not warrant habeas relief." *See*, <u>Briggs v. Adams</u>, 2009 WL 2007121, 7 (C.D. Cal.)

*citing*, <u>Castillo v. Stainer</u>, 983 F.3d 145, 148 (9th Cir. 1992);
*see also*, <u>Ghent v. Woodford</u>, 279 F.3d 1121, 1133 (9 th Cir.
2002).

Petitioner's Petition (#2) should be denied.    This
proceeding should be dismissed.

This recommendation is not an order that is immediately
appealable to the Ninth Circuit Court of Appeals.    Any notice
of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
Procedure, should not be filed until entry of the district
court's judgment or appealable order.    The parties shall have
fourteen (14) days from the date of service of a copy of this
recommendation within which to file specific written
objections with the court.    Thereafter, the parties have
fourteen (14) days within which to file a response to the
objections.    Failure to timely file objections to any factual
determinations of the Magistrate Judge will be considered a
waiver of a party's right to <u>de novo</u> consideration of the
factual issues and will constitute a waiver of a party's right
to appellate review of the findings of fact in an order or
judgment entered pursuant to the Magistrate Judge's
recommendation.

/////
////
/////
/////

9 - REPORT AND RECOMMENDATION

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 7 day of November, 2010.

_____
Mark D. Clarke
United States Magistrate Judge